**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| SAMUEL J. CRUMP, | : | PRISONER HABEAS CORPUS |
| B.O.P. # 63258-019 | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 2:20-CV-0051-RWS-JCF |

**FINAL REPORT AND RECOMMENDATION**

Petitioner Samuel J. Crump is a federal prisoner serving a 120-month total sentence following his 2014 trial and conviction in this Court for conspiring to possess and produce a biological toxin for use as a weapon, and possession of a biological toxin for use as a weapon.[1] (Crim. Doc. 250 at 1-2.) In 2016, Petitioner filed a 28 U.S.C. § 2255 motion challenging his convictions and sentences, which this Court denied on the merits. (Crim. Docs. 307, 319, 322.)

---

[1] The Court takes judicial notice of its own records in Case No. 2:11-cr-0044-03-RWS. F. R. Evid. 201. This report and recommendation will refer to documents from Petitioner's criminal case in Case No. 2:11-cr-0044-03-RWS as "Crim. Doc."

Petitioner now has filed documents that he has styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Petitioner argues briefly that a § 2241 petition is the proper vehicle for relief because he wishes to challenge the way his sentence is being carried out. (Id. at 2.) Petitioner then proceeds to argue that the statutes of conviction are unconstitutionally vague in light of Johnson v. United States, 135 S.Ct. 2551 (2015), and its progeny. (Id.) Petitioner also alleges (1) defects in the search of a shed containing castor beans and ricin, (2) that there was no evidence connecting him to the offenses, and (3) that the government never proved that he acted with the requisite *mens rea*. (Id. at 2-3.) The sole relief requested by Petitioner is that this Court vacate his convictions and sentences. (Id. at 5.)

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[2] (hereinafter "Rule 4"), the Court must dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254, Rule 4. When a conviction has become final, a federal prisoner ordinarily may challenge the

---

[2] The Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases. 28 U.S.C. foll. § 2254, Rule 1(b).

legality of his detention only through a § 2255 motion. McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). The "saving clause" of § 2255(e), however, allows a federal prisoner to bring a habeas corpus petition under § 2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Whether the saving clause applies is a threshold issue, and a Court may not reach the merits of a § 2241 petition unless the Court has jurisdiction to entertain it. McDowell v. Warden, FCC Coleman-Medium, 694 F. App'x 692, 693-94 (11th Cir. 2017). "The burden of demonstrating the inadequacy or ineffectiveness of the §2255 remedy rests squarely on the petitioner." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), abrogated in part on other grounds by Johnson, 135 S. Ct. 2551.

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." McCarthan, 851 F.3d at 1099. In other words, if the prisoner "could have brought [the claim] in a motion to vacate, the remedy by motion is adequate and effective to test the legality of his detention." Id. Indeed, after McCarthan, only three circumstances exist where a §2255 motion would be inadequate or ineffective to test a prisoner's claim; *i.e.,* if: (1) he has been deprived of good-time credits or had a

3

parole determination; (2) the court that sentenced him has been dissolved or is otherwise unavailable; or (3) other practical considerations prevent a prisoner from filing a §2255 motion.  Id. at 1092-93.

Here, Petitioner facially claims that he is challenging the execution of his sentence, but the substance of his petition exclusively attacks the fact of his convictions and sentences.  See id. at 1089 (explaining that a proper challenge to the execution of a sentence might involve claims regarding good-time credits or the revocation of parole).  Petitioner does not allege that his petition falls within the scope § 2255(e)'s saving clause, and this case does not implicate any of the three circumstances which the Eleventh Circuit has held would make a § 2255 motion inadequate or ineffective.  Thus, under McCarthan, the saving clause does not apply, and this Court has no jurisdiction over the instant § 2241 petition.  Id. at 1092-93.  Petitioner cannot circumvent the restrictions of § 2255 simply by styling his collateral attack as a § 2241 petition.  If Petitioner wishes to challenge the validity of his convictions and sentences, he must seek permission from the Court of Appeals to file a second or successive §2255 motion in his criminal case.  See 28 U.S.C. §2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Accordingly, **IT IS RECOMMENDED** that the petition [1] be **DISMISSED** under Rule 4 for lack of subject matter jurisdiction.

Although Petitioner has neither paid the filing fee nor submitted an affidavit seeking leave to proceed *in forma pauperis* ("IFP"), Petitioner is **GRANTED** IFP status for the purpose of dismissal only.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 13th day of May, 2020.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

5